UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------
ROLANDO CHINGO GARCIA,

                        Plaintiff,

  -against-

HATCHET WORKS CORP., JONATHAN D. SUSSMAN, RITA BOWLES, and ABC CORP., a fictitious name intending to be that of an unknown contractor,

                     Defendants.
---------------------------------------------

CASE NO.  22-cv-03222

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

## I. NATURE OF THE CASE

1. This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the negligence of defendants on April 5, 2022, in the County of Kings, State of New York.

## II. JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2).

3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Eastern District of New York in that the events giving rise to this action occurred within the Eastern District of New York.

## III. THE PARTIES

5. At all times herein mentioned, plaintiff ROLANDO CHINGO GARCIA was and still is a citizen and resident of Guatemala.

6. The defendant HATCHET WORKS CORP., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of Kings and the State of New York.

7. At all times herein mentioned, defendant JONATHAN D. SUSSMAN, was and still is a citizen of the County of Kings, State of New York.

8. At all times herein mentioned, defendant RITA BOWLES, was and still is a citizen of the County of Kings, State of New York.

9. The defendant ABC CORP., at all times herein mentioned, was and still is a corporation organized and existing under the laws of an unknown State, with its principal place of business situated in an unknown County and an unknown State.

## IV. FACTUAL ALLEGATIONS

10. On April 5, 2022, plaintiff ROLANDO CHINGO GARCIA was performing certain construction work at the premises located at 462 Marlborough Road, Brooklyn, NY 11226, [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

11. On April 5, 2022, plaintiff ROLANDO CHINGO GARCIA was employed by GGR Corp.

12. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant HATCHET WORKS CORP.

13. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant JONATHAN D. SUSSMAN.

14. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant RITA BOWLES.

15. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

16. That at some point prior to April 5, 2022, defendant JONATHAN D. SUSSMAN entered into an agreement with defendant HATCHET WORKS CORP., wherein and whereby it was agreed, among other things, that defendant HATCHET WORKS CORP. would perform construction work and provide labor services at the subject premises.

17. That on April 5, 2022, defendant HATCHET WORKS CORP. was the general contractor working at the subject premises for defendant JONATHAN D. SUSSMAN.

18. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

19. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

20. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

21. That at some point prior to April 5, 2022, defendant JONATHAN D. SUSSMAN entered into an agreement with defendant ABC CORP., wherein and whereby it was agreed,

among other things, that defendant ABC CORP. would perform construction work and provide labor services at the subject premises.

22. That on April 5, 2022, defendant ABC CORP. was the general contractor working at the subject premises for defendant JONATHAN D. SUSSMAN.

23. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

24. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

25. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

26. That at some point prior to April 5, 2022, defendant JONATHAN D. SUSSMAN entered into an agreement with GGR Corp., wherein and whereby it was agreed, among other things, that GGR Corp. would perform construction work and provide labor services at the subject premises.

27. That on April 5, 2022, GGR Corp. was a contractor working at the subject premises for defendant JONATHAN D. SUSSMAN.

28. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

29. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

30. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

31. That at some point prior to April 5, 2022, defendant RITA BOWLES entered into an agreement with defendant HATCHET WORKS CORP., wherein and whereby it was agreed, among other things, that defendant HATCHET WORKS CORP. would perform construction work and provide labor services at the subject premises.

32. That on April 5, 2022, defendant HATCHET WORKS CORP. was the general contractor working at the subject premises for defendant RITA BOWLES.

33. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

34. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

35. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

36. That at some point prior to April 5, 2022, defendant RITA BOWLES entered into an agreement with defendant ABC CORP., wherein and whereby it was agreed, among other things, that defendant ABC CORP. would perform construction work and provide labor services at the subject premises.

37. That on April 5, 2022, defendant ABC CORP. was the general contractor working at the subject premises for defendant RITA BOWLES.

38. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

39. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

40. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

41. That at some point prior to April 5, 2022, defendant RITA BOWLES entered into an agreement with GGR Corp., wherein and whereby it was agreed, among other things, that GGR Corp. would perform construction work and provide labor services at the subject premises.

42. That on April 5, 2022, GGR Corp. was a contractor working at the subject premises for defendant RITA BOWLES.

43. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

44. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

45. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

46. That at some point prior to April 5, 2022, defendant HATCHET WORKS CORP. entered into an agreement with defendant ABC CORP., wherein and whereby it was agreed, among other things, that defendant ABC CORP. would perform construction work and provide labor services at the subject premises.

47. That on April 5, 2022, defendant ABC CORP. was a contractor working at the subject premises for defendant HATCHET WORKS CORP.

48. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

49. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

50. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

51. That at some point prior to April 5, 2022, defendant HATCHET WORKS CORP. entered into an agreement with GGR Corp., wherein and whereby it was agreed, among other things, that GGR Corp. would perform construction work and provide labor services at the subject premises.

52. That on April 5, 2022, GGR Corp. was a contractor working at the subject premises for defendant HATCHET WORKS CORP.

53. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

54. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

55. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

56. That at some point prior to April 5, 2022, defendant ABC CORP. entered into an agreement with defendant HATCHET WORKS CORP., wherein and whereby it was agreed, among other things, that defendant HATCHET WORKS CORP. would perform construction work and provide labor services at the subject premises.

57. That on April 5, 2022, defendant HATCHET WORKS CORP. was a contractor working at the subject premises for defendant ABC CORP.

58. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

59. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

60. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

61. That at some point prior to April 5, 2022, defendant ABC CORP. entered into an agreement with GGR Corp., wherein and whereby it was agreed, among other things, that GGR Corp. would perform construction work and provide labor services at the subject premises.

62. That on April 5, 2022, GGR Corp. was a contractor working at the subject premises for defendant ABC CORP.

63. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

64. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

65. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

66. That thereafter, and on or about April 5, 2022, GGR Corp. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant HATCHET WORKS CORP.

67. That thereafter, and on or about April 5, 2022, GGR Corp. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant JONATHAN D. SUSSMAN.

68. That thereafter, and on or about April 5, 2022, GGR Corp. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant RITA BOWLES.

69. That thereafter, and on or about April 5, 2022, GGR Corp. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

70. That thereafter, and on or about April 5, 2022, Defendant ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant JONATHAN D. SUSSMAN.

71. That thereafter, and on or about April 5, 2022, Defendant ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant RITA BOWLES.

72. That thereafter, and on or about April 5, 2022, Defendant ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant HATCHET WORKS CORP.

73. That thereafter, and on or about April 5, 2022, Defendant HATCHET WORKS CORP. was actually engaged in performing construction work and labor services at the subject

premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant JONATHAN D. SUSSMAN.

74. That thereafter, and on or about April 5, 2022, Defendant HATCHET WORKS CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant RITA BOWLES.

75. That thereafter, and on or about April 5, 2022, Defendant HATCHET WORKS CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

76. That at all times herein mentioned, and or about April 5, 2022, plaintiff ROLANDO CHINGO GARCIA was actually engaged in the course of his employment as a construction laborer by GGR Corp., which said contractor was engaged by defendant JONATHAN D. SUSSMAN and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant JONATHAN D. SUSSMAN, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

77. That at all times herein mentioned, and or about April 5, 2022, plaintiff ROLANDO CHINGO GARCIA was actually engaged in the course of his employment as a construction laborer by GGR Corp., which said contractor was engaged by defendant RITA BOWLES and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by

defendant RITA BOWLES, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

78. That at all times herein mentioned, and or about April 5, 2022, plaintiff ROLANDO CHINGO GARCIA was actually engaged in the course of his employment as a construction laborer by GGR Corp., which said contractor was engaged by defendant HATCHET WORKS CORP. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant HATCHET WORKS CORP., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

79. That at all times herein mentioned, and or about April 5, 2022, plaintiff ROLANDO CHINGO GARCIA was actually engaged in the course of his employment as a construction laborer by GGR Corp., which said contractor was engaged by defendant ABC CORP. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

80. That on or about April 5, 2022, and while plaintiff ROLANDO CHINGO GARCIA was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer GGR Corp., he was caused, allowed and permitted to fall from an elevated height and thereby was cause to sustain gravity related injuries and was cause to sustain grievous personal injuries.

81. That at all times herein mentioned, and on or about April 5, 2022, defendant JONATHAN D. SUSSMAN, its agents, servants and/or employees reserved onto itself and duty

of general supervision, direction and control of the work being performed at the subject premises by GGR Corp., plaintiff's employer.

82. That at all times herein mentioned, and on or about April 5, 2022, defendant JONATHAN D. SUSSMAN, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by GGR Corp., plaintiff's employer.

83. That at all times herein mentioned, and on or about April 5, 2022, defendant RITA BOWLES, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by GGR Corp., plaintiff's employer.

84. That at all times herein mentioned, and on or about April 5, 2022, defendant RITA BOWLES, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by GGR Corp., plaintiff's employer.

85. That at all times herein mentioned, and on or about April 5, 2022, defendant HATCHET WORKS CORP., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by GGR Corp., plaintiff's employer.

86. That at all times herein mentioned, and on or about April 5, 2022, defendant HATCHET WORKS CORP., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by GGR Corp., plaintiff's employer.

87. That at all times herein mentioned, and on or about April 5, 2022, defendant ABC CORP., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by GGR Corp., plaintiff's employer.

88. That at all times herein mentioned, and on or about April 5, 2022, defendant ABC CORP., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by GGR Corp., plaintiff's employer.

89. Defendant JONATHAN D. SUSSMAN breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff ROLANDO CHINGO GARCIA, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

90. Defendant JONATHAN D. SUSSMAN breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

91. Defendant JONATHAN D. SUSSMAN breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

92. Defendant JONATHAN D. SUSSMAN breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

93. Defendant JONATHAN D. SUSSMAN breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

94. Defendant JONATHAN D. SUSSMAN owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

95. Defendant RITA BOWLES breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff ROLANDO CHINGO GARCIA, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

96. Defendant RITA BOWLES breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

97. Defendant RITA BOWLES breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

98. Defendant RITA BOWLES breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

99. Defendant RITA BOWLES breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

100. Defendant RITA BOWLES owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

101. Defendant HATCHET WORKS CORP. breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff ROLANDO CHINGO GARCIA, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

102. Defendant HATCHET WORKS CORP. breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

103. Defendant HATCHET WORKS CORP. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

104. Defendant HATCHET WORKS CORP. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

105. Defendant HATCHET WORKS CORP. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

106. Defendant HATCHET WORKS CORP. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

107. Defendant ABC CORP., breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff ROLANDO CHINGO GARCIA, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

108. Defendant ABC CORP., breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

109. Defendant ABC CORP., breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

110. Defendant ABC CORP., breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

111. Defendant ABC CORP., breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

112. Defendant ABC CORP., owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

113. By reason of the foregoing, plaintiff ROLANDO CHINGO GARCIA was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and he will permanently cause to suffer pain, inconvenience and other effects of such injuries he incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff ROLANDO CHINGO GARCIA will be unable to pursue his usual duties with the same degree of efficiency as prior this accident, all to his great damage.

## V. FIRST CAUSE OF ACTION

114. The allegations of the preceding paragraphs are repeated here as if fully stated.

115. Plaintiff was injured due to defendant's negligence, carelessness and recklessness as stated herein.

116. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,00.00) Dollars.

## VI. <u>SECOND CAUSE OF ACTION</u>

117. The allegations of the preceding paragraphs are repeated here as if fully stated.

118. Plaintiff was injured due to defendant's violation of New York Labor Law Sections 200, 240(1), and/or 241(6).

119. Plaintiff was injured due to defendant's violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

120. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,00.00) Dollars.

## VII. <u>DEMAND FOR TRIAL</u>

121. Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and for the second cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
       May 31, 2022

_____
By: **Holly Ostrov Ronai (HO3923)**
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street

Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK           CASE NO.   22-cv-03222
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROLANDO CHINGO GARCIA,
                            Plaintiff,


    -against-

HATCHET WORKS CORP., JONATHAN D. SUSSMAN, RITA BOWLES, and ABC CORP.,
a fictitious name intending to be that of an unknown contractor,
                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


**COMPLAINT AND JURY DEMAND**


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777